IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 1:20cr219 |
| | : | No. 1:20cr224 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CONFESOR ROBLES-GONZALEZ, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is Defendant Confesor Robles-Gonzalez's *pro se* motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 ("Section 2255"). (No. 1:20-CR-219, Doc. 62; No. 1:20-CR-224, Doc. 42). For the reasons set forth below, the motion will be denied as time-barred.

**Background**

On July 21, 2021, at docket number 1:20-CR-219, the defendant pled guilty to one count of attempted possession with intent to distribute 400 grams or more of fentanyl, in violation of 18 U.S.C. § 846 and 2) one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (Doc. 25). That same date, at docket number 1:20-CR-224, he pled guilty to one count of illegal reentry following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) & (b)(2). (Doc.

17).[1] On April 13, 2022, the Honorable Sylvia H. Rambo sentenced defendant to 121 months on each of the above counts with the sentences to run concurrently with each other. (No. 1:20-CR-219, Doc. 48; No. 1:20-CR-224, Doc. 29).[2] Defendant did not file a direct appeal. His plea agreement contained a direct appeal waiver. (Doc. 23 ¶ 35). His plea agreement at docket number 20-CR-219 also reflected acceptance of a ten-year mandatory minimum sentence.[3] (Id. ¶ 2).

On October 11, 2023, defendant filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines Manual, (Doc. 55), which was supplemented by counsel on March 6, 2024, (Doc. 58). Judge Rambo granted the motion on August 29, 2024, and reduced his prison sentence from 121 months to 120 months. (Doc. 60). As for the one-month reduction, defendant's conviction under 21 U.S.C. §

---

[1] Defendant is a citizen of the Dominican Republic.

[2] Unless otherwise noted, the court will hereinafter cite to the entries at docket number 1:20cr219.

[3] Under 21 U.S.C. § 846, "[a]ny person who attempts or conspires to commit" an offense defined in 18 U.S.C. §§ 841–865 "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. § 846. Pursuant to 21 U.S.C. § 841(a), it is unlawful to possess with the intent to distribute a controlled substance. Any person who violates Section 841(a) by possessing with the intent to distribute 400 grams or more of fentanyl is subject to a mandatory minimum sentence of 120 months. 21 USC §§ 841(b)(1)(A)(vi); see also 28 C.F.R. § 50.21(d)(4)(vi) (explaining that "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide" is commonly known as "fentanyl"). Thus, by his guilty plea to one count of attempted possession with intent to distribute 400 grams or more of fentanyl, defendant was subject to a mandatory minimum sentence of 120 months.

846 subjected him to a mandatory minimum sentence of incarceration for a period of 120 months, regardless of any change to the defendant's sentencing guidelines.

On January 17, 2025, defendant filed the instant Section 2255 petition with a supplementing brief. (Docs. 62 & 63). Construing his *pro se* filings liberally, the defendant seeks a sentence reduction based on his sentencing counsel's alleged failures to argue that defendant was eligible for the safety valve at 18 U.S.C. § 3553(f) or otherwise make arguments that would relieve him from the mandatory minimum sentence.

The government filed a brief in opposition on May 9, 2025, arguing that the defendants' motion is untimely and without merit. Defendant then filed a reply brief on May 27, 2025, which brings this matter to its present posture.

**Legal Standard**

Pursuant to Section 2255, a federal prisoner serving a sentence imposed by a district court may move the sentencing court to vacate, set aside, or correct a sentence claiming that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" See 28 U.S.C. § 2255(a).

3

Where a defendant has pled guilty, the potential claims that he may raise on the basis that his "sentence was imposed in violation of the Constitution" are limited. "By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." Florida v. Nixon, 543 U.S. 175, 187 (2004) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)).

Here, defendant asserts ineffectiveness of counsel for failure to raise certain issues at sentencing, which is potentially a violation of the Sixth Amendment right to counsel. See United States v. Sepling, 944 F.3d 138, 145 (3d Cir. 2019)(discussing Glover v. United States, 531 U.S. 198 (2001)). A claim of ineffective assistance of counsel based on a guilty plea is analyzed under the two-part test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See Hill v. Lockhart, 474 U.S. 52, 58 (1985). The defendant must show that counsel's performance was deficient, and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687. In the context of a guilty plea, a defendant may only claim that counsel was ineffective if it rendered the plea involuntary or unintelligent. Hill, 474 U.S. at 56.

**Analysis**

Defendant's Section 2255 motion raises three grounds regarding the ineffective assistance of counsel claim. First, defendant contends that his

4

sentencing counsel failed to argue that the defendant was eligible for the safety valve provisions at 18 U.S.C. § 3553(f). Second, defendant asserts that counsel failed to argue that the firearm enhancement set forth at United States Sentencing Guidelines ("USSG") §2D1.1(b)(1) did not preclude application of the safety valve provision. Finally, defendant argues that counsel was ineffective for not eliminating the mandatory minimum in the plea agreement relative to the defendant proffering to the government. The government counters that the motion is time-barred. Defendant asks that the court apply statutory or equitable tolling. (Doc. 63, Supplement). The court will thus address the timeliness of defendant's motion along with his intertwined tolling and ineffective-assistance arguments.

**1. Statutory Tolling**

Under the law, a motion filed pursuant to Section 2255 is subject to a one-year period of limitation. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Because defendant was sentenced on April 13, 2022, and the judgment of conviction was entered on April 18, 2022, (Doc. 48), defendant's judgment became final when the time to appeal expired 14 days later, on May 2, 2022.[4] Therefore, under Section 2255(f)(1), defendant had to file his motion no later than May 2, 2023. Defendant argues, however, that his motion is timely pursuant to Section 2255(f)(4) because he did not discover his attorney's alleged shortcomings with respect to the safety valve arguments until the time that he filed the motion for sentence reduction pursuant to Amendment 821. (Doc. 62 ¶ 18). Defendant filed his Amendment 821 motion in October 2023. (Doc. 52).

Defendant's Section 2255(f)(4) arguments are unconvincing. A review of the record indicates that defendant's prior counsel did pursue various arguments

---

[4] "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). In federal criminal matters, a defendant has fourteen days to file an appeal after the judgment is entered. FED. R. APP. P. 4(b)(1)(A).

on his behalf at the time of sentencing, including those arguments raised by the defendant in the instant Section 2255 motion. In a sentencing memorandum to Judge Rambo, defendant's counsel asserted that the defendant satisfied the five criteria necessary to be eligible for the safety valve. (Doc. 45 at 3). Although asserted as a basis for relief in the instant motion, this issue was actually known to the defendant and raised on his behalf prior to entry of judgment in this case. Consequently, this Section 2255 motion is untimely unless defendant can demonstrate some grounds to equitably toll the statute of limitations.

## 2. Equitable Tolling

Defendant also requests that the court apply equitable tolling and deem his motion to be timely filed. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). As indicated above, defendant cannot demonstrate that he has been pursuing his rights diligently. His plea agreement reflected a mandatory minimum sentence. His sentencing counsel advocated for application of the safety valve. He received a sentence slightly greater than the mandatory minimum in April 2022, but did not file his motion alleging sentencing counsel's deficiencies regarding that mandatory minimum sentence until nearly three years later.

Additionally, the grounds raised in defendant's motion about his sentencing counsel's alleged ineffectiveness do not trigger consideration of any extraordinary circumstances. As indicated above, defendant's prior counsel advocated for the application of the safety valve provisions of 18 U.S.C. § 3553(f) to relieve the defendant of the statutory minimum sentence. Judge Rambo rejected those arguments and initially sentenced defendant to 121 months, one month above the mandatory minimum.

In the same sentencing memorandum, defendant's counsel also argued that the firearm enhancement at USSG §2D1.1(b)(1) did not apply. (Doc. 45 at p. 2). Furthermore, defendant's sentencing counsel objected to the portion of the presentence report that discussed the application of that enhancement. At the time of sentencing, Judge Rambo overruled the objection of defense counsel. (Doc. 75, Sentencing Transcript at 12-13). She thus determined that a firearm "was possessed." See USSG § 2D1.1(b)(1). Additionally, at the time of sentencing and to support application of the enhancement, the government provided the court photographs of guns found in a bedroom where the defendant lived with his family and a roommate. (Doc. 75, Sentencing Transcript at 3-9, 12-13). A gun was recovered in the roommate's room. (Id.) The government also provided the court with a photograph of a baby with a gun that was recovered

from defendant's cell phone. (Id.) Judge Rambo stated with respect to the Section 2D1.1(b)(1) enhancement:

> The Court believes that the photograph, 1-C, which was a black and white of the baby with the gun in its lap, is sufficient to qualify for the possession of the gun enhancement...I think it clearly qualifies that the gun could have been used by the defendant and it was on his camera and his child. So I'm overruling that objection.

(Id. at 12-13).

Judge Rambo also applied an enhancement at USSG § 2D.1.1(b)(12) for maintaining a premises for the purposes of distributing a controlled substance after considering evidence reflecting that drug packaging materials and approximately $150,000 were found in defendant's home. (Id. at 13). After review of the sentencing transcript, Judge Rambo's statements can only be construed as a conclusion that defendant possessed "a firearm...in connection with the offense," which also disqualified defendant from safety valve consideration. See 18 U.S.C. § 3553(f)(2).

Defendant's prior counsel thus made similar arguments about non-application of the firearm enhancement at the time of sentence as raised by the defendant in his Section 2255 motion to afford him relief from the mandatory minimum. The defendant cannot show that his prior counsel's performance was deficient, and that the deficient performance was prejudicial.

9

As for defendant's argument that his sentencing counsel was ineffective for not eliminating the mandatory minimum through cooperation, that argument does not demonstrate extraordinary circumstances. Defendant appears to argue that the government withheld a reduction through application of USSG § 5K1.1. The application of Section 5K1.1 comes into play after the government files a motion "stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." USSG § 5K1.1. Section 5K1.1 only permits a court to depart from the sentencing guidelines. Id. Under 18 U.S.C. § 3553(e), the court has the authority to impose a sentence below a statutorily-mandated minimum sentence "as to reflect a defendant's substantial assistance[.]" Id. But the court is only provided with that authority upon motion from the government. Id.

Here, the government never filed a motion pursuant to 18 U.S.C. § 3553(e) in conjunction with defendant's sentencing.[5] Thus, defendant cannot demonstrate that his sentencing counsel's performance was, in some way, deficient.

---

[5] The court has had the benefit of reviewing the entire sentencing transcript. Without referencing specific details, the arguments raised by the defendant relative to cooperation do not comport with the contents of the record.

After consideration of the wide range of arguments advanced by the defendant in support of equitable tolling, those principles will not be applied. Defendant's motion to vacate, set aside, or correct his sentence filed pursuant to Section 2255 will be denied as time-barred.[6]

### 3. Certificate of Appealability

"[U]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken" from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As detailed above, defendant has not made a substantial showing of the denial of a constitutional right. He has also not demonstrated that the assessment of his constitutional

---

[6] Although not raised as a specific ground for relief in his motion, defendant asserts that his inability to read or speak English hampered his ability to understand the implications of his mandatory minimum sentence and non-application of the safety valve provisions. (Doc. 63 at p. 3). This argument is equally unpersuasive. Defendant was represented by bilingual counsel at the time of his change of plea hearing and at psentencing and an interpreter was provided by the court for both proceedings. (See Docs. 73 (change of plea hearing transcript), 75 (sentencing transcript)).

claims were debatable or wrong as viewed by a reasonable jurist. As a result, a certificate of appealability will not be issued.

**Conclusion**

For the reasons set forth above, defendant's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 will be denied as time-barred. The court will also deny a certificate of appealability. An appropriate order follows.

Date: 6/12/25

JUDGE JULIA K. MUNLEY
United States District Court